LABORDE, DEMANDANTE Y APELADO, *v.* LORENZO, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre indemnización.

No. 2229.—Resuelto en julio 12, 1920.

OBLIGACIONES CONTRAÍDAS POR APODERADO—ALEGACIÓN NECESARIA—DEMANDA IN-SUFICIENTE.—Cuando se demanda de una persona el cumplimiento de una obligación contraída por medio de apoderado, es necesario alegar y probar que éste estaba facultado por su mandante para contraer la obligación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. J. B. Huyke y F. González.*

Abogado del apelado: *Sr. M. Tous Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Celso Lorenzo suscribió un documento como apoderado de Emilio Faura en el cual autorizó a Alejandro Laborde para que gestionase el cobro de $1,600 debidos a Faura por la corporación "Borinquen Sugar Company" por arrendamientos de tierras y se comprometió a aceptar en pago de dicho crédito el cincuenta por ciento, quedando lo demás que se cobrase a beneficio de Laborde por las gestiones que tenía que hacer para el cobro.

Demandó Laborde a Celso Lorenzo como apoderado de Emilio Faura para que le pagase $800 como indemnización de los perjuicios que alega haber sufrido por incumplimiento de la obligación a que nos hemos referido y la corte inferior

condenó al demandado a que, como apoderado de Faura, pagase la cantidad reclamada, de cuya sentencia apeló el demandado para ante nosotros.

Sostiene el apelante en su alegato escrito que la demanda no aduce hechos suficientes para determinar una causa de acción y su condena porque no expone que el apoderado tenía facultades para celebrar el contrato por cuyo incumplimiento ha sido condenado.

Este pleito estuvo en esta corte en grado de apelación con otros más del mismo apelado (23 D. P. R. 99) y fué resuelto de acuerdo con la opinión escrita en el caso de *Laborde* v. *Toro Ríos*, 23 D. P. R. 92. En este caso la acción estaba dirigida contra Toro Ríos obligado en su persona propia y no se consideró la cuestión que ahora propone el apelante. Tampoco fué suscitada ni considerada en otra apelación interpuesta contra la sentencia que dejó de considerar cierta prueba. *Laborde* v. *López*, 26 D. P. R. 534.

La demanda no tiene alegación alguna, ni en el juicio se presentó prueba, de que Emilio Faura hubiera concedido facultades a Celso Lorenzo para celebrar el contrato por cuyo incumplimiento reclama indemnización de perjuicios el demandante. No basta alegar en una demanda que una persona se obligó por medio de otra, que actuaba como apoderado, a dar o a hacer determinada cosa sino que es necesario alegar, y en su caso probar, que el apoderado estaba facultado por su mandante para contraer la obligación, porque ninguno puede contratar a nombre de otro ni obligarlo sin estar por éste autorizado, siendo nulo el contrato celebrado a nombre de otro por quien no tenga su autorización o representación legal a no ser que sea ratificado por la persona a cuyo favor se otorgue, antes de ser revocada por la otra parte contratante. Artículo 1226 del Código Civil. *Colón* v. *Schlutér & Co., S. en C.*, 27 D. P. R. 848. Por falta de esa alegación y prueba la corte inferior cometió error al condenar a Celso Lorenzo como apoderado de Emilio Faura.

En vista de la conclusión a que hemos llegado, no tene-

mos necesidad de considerar el otro motivo del recurso basado en la insuficiencia de la prueba ni la cuestión que oralmente suscitó el apelante en la vista de la apelación sobre si la presente acción tiene que dirigirse contra Faura y no contra su apoderado Lorenzo.

La sentencia apelada debe ser revocada y dictarse otra declarando sin lugar la demanda sin especial condena de costas.

> Revocada la sentencia apelada y declarada sin lugar la demanda sin especial condena de costas.

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.